[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
General Statutes § 14-65j (a) provides in pertinent part that "[n]o [motor vehicle] repair shop shall make any statement to a customer which it knows or should know to be false or misleading" The defendant, Department of Motor Vehicles ("DMV"), found that the plaintiff, Crestwood Ford, Inc., violated General Statutes § 14-65j and imposed sanctions. The plaintiff appeals.
BACKGROUND
A hearing officer found the following facts. On or about July 25, 1996, John and Pamela Sugrue purchased a new 1996 Ford Thunderbird from the plaintiff. Within the three year, 36,000 mile warranty period, the Sugrues made a claim under the warranty that the paint on the car was defective. The plaintiff and Ford Motor Company acknowledged that the paint was defective and authorized the car to be repainted at a Ford dealership that had a body shop. The plaintiff informed the Sugrues that the work would have to be done within the warranty period, which expired on July 26, 1999. The Sugrues were unable to have the work done during that time period. Thereafter, the plaintiff refused to perform or authorize the work. (Return of Record ("ROR"), Hearing Officer's Decision, Findings of Fact, ¶¶ 2-7.)
The hearing officer then found that "[t]he [plaintiff] failed to offer any evidence to support its claim that the repairs must be performed within the warranty period" and that "[t]he [plaintiff] mislead [sic] the CT Page 14345 [Sugrues] when it demanded that any warranty work had to be performed within the warranty time period." (ROR, Final Decision, Findings of Fact, ¶¶ 9, 10.) On the basis of these findings, the hearing officer concluded that "the [plaintiff] violated Section 14-65j of the Connecticut General Statutes when it made a statement to Claimant John Sugrue that the warranty repairs had to be performed within the warranty time period and its failure to honor the warranty [sic] as such statement was misleading or false." (ROR, Final Decision, Conclusions of Law, ¶ 1.)[1]
DISCUSSION
The question presented is whether there is "substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Internal quotations omitted.) Schallenkamp v. DelPonte, 229 Conn. 31, 40,639 A.2d 1018 (1994). An administrative finding is supported by substantial evidence if the record affords a reasonable basis of fact from which the fact in issue can be reasonably inferred. Dolgner v.Alander, 237 Conn. 272, 281, 676 A.2d 865 (1996). Although the substantial evidence test allows the hearing officer to resolve inconsistencies in the evidence and make credibility determinations, the test requires something beyond conclusory and general statements in the record. Id., 281-82.
In this case, General Statutes § 14-65j (a) would seem to require two critical findings or conclusions: (1) that the party in question made a false or misleading statement, and (2) that it did so with actual or constructive knowledge that it was false or misleading. To the extent that the hearing officer made these findings, they lack substantial supporting evidence.
 I
The hearing officer's finding that the plaintiff "failed to offer any evidence to support its claim that the repairs must be performed within the warranty period" is itself wholly without support. As DMV's brief acknowledges, the plaintiff did present the testimony of one of its agents who had informed John Sugrue that the painting would have to take place within the warranty period. (ROR, Transcript, p. 29.) In addition, DMV's own inspector testified that he spoke with a "representative from Ford" who claimed that the customer "let the vehicle slide out of the warranty period." (ROR, Transcript, p. 12).[2] The hearing officer, to be sure, was nor required to credit this testimony. But he is not entitled to conclude that it did not exist. CT Page 14346
The fact of the matter, however, is that there was no other substantial evidence to establish what the warranty actually meant The fact, cited in DMV's brief, that the warranty extended for three years after purchase simply begs the real question of whether the warranty covers all claims made within the three year period, regardless of when the repairs are done, or whether the repairs must actually take place within the three year period.
It is true that John Sugrue testified that he telephoned the Ford Assistance Center in Michigan and "they informed [him] that [his] expiration date was July 26th and they also noted that the warranty date did not matter as far as [he] had brought it to their attention before the warranty expired." (ROR, Transcript, p. 25.) This testimony, however, was the only snippet to support the hearing officer's finding that the plaintiff misled Sugrue about the warranty.
While the statement from the Ford Assistance Center does conflict with the plaintiff's statement that the work had to take place within the warranty period, that conflict does not necessarily authorize the hearing officer to conclude that the plaintiff's statement was false or misleading. In the first place, there was no evidence that the unnamed person or persons in Michigan had any authority or knowledge concerning the warranty. Indeed, no one with any special knowledge about Ford's warranty policy testified.
There was also no documentary evidence to support the conclusion that the warranty authorized the performance of repairs outside the warranty period. In fact, Sugrue reported that the Ford Assistance Center declined to put its position in writing. (ROR, Transcript, p. 25.) The warranty, which is in the record, states that "[y]ou will not be charged for warranty repairs made during the . . . warranty periods," thus suggesting that the warranty would not cover repairs made after the warranty period. (ROR, Warranty Information Booklet, p. 3.)
In sum, there was an insufficient basis for the hearing officer to conclude that the Ford Assistance Center had the true interpretation of the warranty and that the plaintiff had a false or misleading one. The court finds that the oral hearsay statement traceable to an unidentified employee of Ford Assistance Center is too general and conclusory to constitute substantial evidence that the plaintiffs interpretation of the warranty was false or misleading. Dolgner v. Alander, supra, 237 Conn. 282.
 II
The hearing officer made no finding at all on the second element of the statute requiring that the repair shop make a statement that it "knows or CT Page 14347 should know" was false or misleading. Nor does DMV cite any evidence that would support such a finding. There was no evidence, for example, that the plaintiff had ignored directives from Ford Motors or that the plaintiff had engaged in deceptive warranty practices in the past and that it should have known better on this occasion. The most that the hearing officer could reasonably have concluded from the evidence is that the plaintiff and the Ford Assistance Center in Michigan had honest but different interpretations of the warranty. There is no evidence, much less substantial evidence, to establish that the plaintiff knew or should have known that its interpretation of the warranty was false or misleading when it provided this interpretation to the Sugrues.
CONCLUSION
Based on the lack of substantial evidence to support the findings, the appeal is sustained and the hearing officer's decision is vacated.
Carl J. Schuman Judge, Superior Court